UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| **DANTE DANTWUANE SCOTT** ] | | |
|     Petitioner, ] | | |
| ] | | |
| v. ] | No. 3:11-0350 | |
| ] | Judge Trauger | |
| **UNITED STATES OF AMERICA** ] | | |
|     Respondent. ] | | |

## M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Federal Correctional Institution in Memphis, Tennessee. He brings this action pursuant to 28 U.S.C. § 2255 against the United States of America, asking the Court to vacate, set aside or correct his sentence.

### I. BACKGROUND

In November, 2008, an Indictment was handed down charging the petitioner with being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. <u>United States of America v. Dante Scott</u>, No.3:08-00256 (M.D. Tenn.); Docket Entry No.1. Because the petitioner had three prior felony convictions, the charge carried with it a mandatory minimum sentence of fifteen (15) years in prison. 18 U.S.C. § 924(e)(1).

On March 29, 2010, a Superseding Information was filed

1

charging the petitioner with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *Id.*; Docket Entry No.57. Under the circumstances of this case, the charge carried with it a mandatory minimum sentence of five years in prison. 18 U.S.C. § 924(c)(1)(A)(i).

Pursuant to Rule 11(c)(1)(C), Fed.R.Crim.P., the petitioner entered into a plea agreement with the Government. *Id.*; Docket Entry No.65, pgs.6-16. He agreed to plead guilty to the Superseding Information and receive a sentence of ninety (90) months in prison. *Id.* at pg.12. In addition, the petitioner agreed to waive his right to appeal, either directly or collaterally, the issue of his guilt or any sentence imposed by the Court that included a term of ninety months of imprisonment.[1] *Id.* at pg.14. In exchange, the Government promised to dismiss the underlying Indictment. *Id.* at pg.7.

The Court accepted the plea agreement and the petitioner was sentenced to ninety months in prison, to be followed by four years of supervised release. *Id.*; Docket Entry No.66.

## II. PROCEDURAL HISTORY

The petitioner did not directly appeal his conviction. Instead, on April 11, 2011, the petitioner filed the instant § 2255 motion (Docket Entry No.1). In the motion as amended, *see* Docket Entry Nos.9 and 10., the Court gleans two claims of ineffective

---

[1] The petitioner did not waive his right to appeal the validity of his guilty plea, prosecutorial misconduct or the ineffective assistance of counsel. Docket Entry No.65 at pg.14.

2

assistance of counsel. These claims include :

> 1)  counsel was ineffective because he advised the petitioner to plead guilty to the charge contained in the Superseding Information rather than the charge in the Indictment, leading to a greater sentence for the petitioner; and
>
> 2)  counsel was ineffective because he failed to insure that the petitioner understood the guilty plea.[2]

After examining the motion, the Court found that it was not facially frivolous. Accordingly, by an order entered April 18, 2011 (Docket Entry No.3), the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court are the Government's Response (Docket Entry No.6) to the petitioner's § 2255 motion and the petitioner's Traverse (Docket Entry No.16) to the Government's Response.

Having carefully considered the pleadings and the record, it does not appear that an evidentiary hearing is needed in this matter. *see* <u>Smith v. United States</u>, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Consequently, the Court shall dispose of the § 2255 motion as the

---

[2] The petitioner was represented by R. David Baker, an Assistant Federal Public Defender for this judicial district.

law and justice require. Rule 8(a), Rules --- § 2255 Cases.

### III. ANALYSIS OF THE CLAIMS

In the petitioner's motion, he states that his sentence was imposed "under mis-calculated guideline." Docket Entry No.1 at pg.4. He later asks the Court, in a motion for leave to file supplemental issue, to modify his sentence to "go below the 60 months". Docket Entry No.9 at pg.2. To the extent that the petitioner is suggesting that his sentence was miscalculated, he waived such a claim in his plea agreement.

The petitioner asserts two instances in which he believes that his attorney failed to provide him with effective assistance.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 397 U.S. 759,771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was so prejudiced by the deficiency as to render the prosecution unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668,687 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 466 U.S. 690.

The petitioner's first claim is that counsel was deficient for advising him to plead guilty to the Superseding Information rather

than the charge contained in the Indictment. The charge in the Indictment carried with it a mandatory minimum of fifteen years (180 months) in prison while the charge in the Superseding Information only required a minimum of five years (60 months) in prison. The petitioner received a sentence of 90 months, or one half of the mandatory minimum for a conviction under the Indictment. Counsel, therefore, was not deficient in this regard.

The petitioner also believes that counsel was ineffective because he failed to insure that the petitioner understood the guilty plea. *See* Docket Entry No.9 at pg.1. The petitioner has an extensive criminal record and was no stranger to the criminal justice system.[3] The plea agreement contained the following statement made by the petitioner :

> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Docket Entry No.65 at pg.16.

Moreover, during the course of his plea and sentencing hearing, the petitioner acknowledged being satisfied with his attorney's representation. Docket Entry No.74 at pg.4. After questioning the

---

[3] In the plea agreement, the parties agreed that the petitioner was in criminal history category III. Docket Entry No.65 at pg.11.

5

petitioner, the Court found that the petitioner understood the nature of the charge to which his plea was offered, the maximum penalty and the mandatory minimum penalty. *Id.* at pg.15. From this, the Court finds that the petitioner was fully aware of the consequences of his guilty plea. This claim, therefore, has no merit.

## IV. CONCLUSION

Having considered the § 2255 motion and the expanded record, the Court can find no reason to vacate, set aside or correct petitioner's sentence. His motion, as a consequence, lacks merit and will be denied.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge